## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIRST BANK OF DELAWARE,<br><br>      Plaintiff,<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>      Defendant. | Civil Action No. 08-429 |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, First Bank of Delaware, by counsel files this Motion for Preliminary Injunction pursuant to 12 U.S.C. § 1818(c)(2) seeking to limit or suspend enforcement, operation or effectiveness of a temporary cease and desist order ("Order") issued by the Federal Deposit Insurance Corporation ("FDIC") against First Bank of Delaware, on July 3, 2008.

   1.   This case involves the unlawful imposition of the Order under the Federal Deposit Insurance Act ("Act"), 12 U.S.C. §§ 1811, 1818.  The Act, 12 U.S.C. § 1818, authorizes federal banking agencies, such as the FDIC, to issue temporary cease and desist orders only in rare instances and after significant findings and allegations of matters that are "likely to cause insolvency or significant dissipation of assets or earnings of the depository institution, or is likely to weaken the condition of the depository institution or otherwise prejudice the interests of its depositors prior to the completion of the proceedings …."  12 U.S.C. § 1818(c)(1).

2.	Without any support, the Order seeks to prevent a standard, profitable and low-risk transaction involving the acquisition of credit card accounts ("Proposed Acquisition") by the Bank. The FDIC, in its Findings of Fact and Conclusions of Law accompanying its Order, does not recite evidence meeting the statutory criteria required under section 1818(c)(1).

3.	To protect banks from the arbitrary use of the extraordinary power granted by section 1818(c)(1), the Congress provided banks the right to seek injunctive relief. Under the standards of the Third Circuit, the party moving for preliminary injunction must demonstrate: 1) a reasonable probability of success on the merits; 2) that denial of injunctive relief will result in irreparable injury; 3) the possibility of harm to other interested persons from the grant or denial of the injunction; and, 4) granting injunctive relief would be in the public interest. *Instant Air Freight Co. v. D.F. Air Freight Corp.*, 882 F.2d 797, 800 (3d Cir. 1989); *Arthrex Inc. v. Orthopedics LLC*, No. Civ. A. 02-67 GMS, 2002 WL 818082 (D. Del. Apr. 30, 2002). No one of these four factors alone is dispositive. Nevertheless, the Court cannot issue a preliminary injunction unless the movant establishes both of the first two factors. *Id.*

<u>There Is A Reasonable Probability The Bank Will Succeed On The Merits</u>

4.	The basis for the FDIC's Order is an unsupported assertion that the Proposed Acquisition is likely "to cause insolvency or significant dissipation of the assets or earnings of the Bank, or likely to weaken the condition of the bank or otherwise prejudice the interests of the depositors of the Bank prior the completion of the

-2-

proceedings against the bank conducted pursuant to section 8(b) of the Federal Deposit Insurance Act." These assertions find no support in the FDIC's Findings of Fact and Conclusions of Law or in its Notice of Charges issued on June 10, 2008. In fact, the FDIC did not even review or analyze the contractual terms of the Proposed Acquisition prior to issuing its Order. Moreover, the FDIC has not articulated any agency-adopted capital standard which would support the assertions contained in the Order related to the inadequacy of the Bank's capital and has not proffered any evidence of additional economic exposure the Bank would experience as a result of the acquisition of the portfolio in question for which its existing capital would be inadequate.

     5.     Indeed, the Bank is one of the most highly-capitalized and profitable banks in the country, having a risk-based capital ratio nearly four times the requirement for a "well capitalized" bank. Rather than weakening the Bank's financial condition, the Proposed Acquisition would enhance the Bank's already strong economic condition. In sum, the FDIC has failed to articulate any scenario under which the Proposed Acquisition would: (1) cause the insolvency of the Bank; (2) significantly dissipate the assets or earnings of the Bank; (3) weaken the condition of the Bank; or (4) prejudice the interests of the depositors of the Bank.

<u>The Order Will Cause the Bank Irreparable Harm</u>

     6.     If permitted to stand, the Order will cause the Bank the following irreparable harm:

-3-

#9833172 v1

(a) By preventing the Bank from proceeding with the Proposed Acquisition, the Order will deprive the Bank of significant annual income. The Proposed Acquisition would meaningfully increase the Bank's non-interest net income. Such income, once lost, cannot be recovered because unlike a private party in a contract or tort dispute the FDIC cannot be ordered to reimburse the Bank for any economic losses or lost business opportunities the Bank would suffer should the court ultimately rule, following a trial, in the Bank's favor.

(b) By preventing the Bank from making any future acquisitions while the Order is in effect, the Order will deprive the Bank of other potentially-lucrative business opportunities.

(c) The Order is likely to injure the Bank's reputation and goodwill.

<u>Denying Injunctive Relief would Harm Interested Persons And The Public Interest</u>

7.  The FDIC insurance fund will incur no additional risk if the Proposed Acquisition is permitted to move forward because the economic risk associated with the credit card accounts to be acquired has been transferred to third parties, who will have no recourse to make claims against the Bank. Additional accounts receivable generated through active accounts will be purchased on a daily basis by CompuCredit Corporation ("CompuCredit") under the provisions of an Affinity Agreement, CompuCredit has never failed to honor its obligation to purchase these receivables since the inception of this relationship in 2005. In addition, the Bank through contractual relationships has more than adequate indemnification.

-5-

8. Other interested third parties also would be harmed in the event the Bank's prayer for relief is not granted.

9. The entry of a preliminary injunction will serve the public interest because the FDIC should be required to articulate capital standards for loan portfolio purchases before prohibiting them; fundamental due process of law prohibits the arbitrary and capricious imposition of regulatory sanctions.

WHEREFORE, for the reasons stated herein and in the supporting Memorandum to be filed following targeted discovery, the Bank seeks a preliminary injunction to limit or suspend enforcement, operation or effectiveness of the Order.

Dated: July 14, 2008

/s/ Edmond D. Johnson
Edmond D. Johnson (Del. Bar. No 2257)
Matthew A. Kaplan (Del. Bar. No. 4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box
Wilmington, Delaware 19899-1709
Telephone No. (302) 777-6500
Facsimile No. (302) 421-8390
johnsone@pepperlaw.com
kaplanm@pepperlaw.com

*Attorneys for Plaintiff First Bank of Delaware*

OF COUNSEL:
Jeremiah S. Buckley, Esq.
Robert B. Serino, Esq.
Matthew P. Previn, Esq.
Larry J. Stein, Esq.
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 349-8000

#9833172 v1