IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIRST BANK OF DELAWARE,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br><br>        Defendant. | Civil Action No. 08-429 GMS |

**PLAINTIFF FIRST BANK OF DELAWARE'S MOTION TO CONSOLIDATE**

Plaintiff First Bank of Delaware ("FBD") hereby moves, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate this case with a virtually identical action, *CompuCredit Corporation v. Federal Deposit Insurance Corporation*, C.A. No. 08-430-GMS (the "CompuCredit Action"), which is also pending before this Court. These two pending cases present common issues of both fact and law, and it is FBD's understanding that CompuCredit Corporation ("CompuCredit") has separately filed its own motion to consolidate these actions. Accordingly, this Court should exercise its discretion to consolidate these two virtually indistinguishable actions to conserve the resources of the Court and the parties.

**FACTUAL BACKGROUND**

1.  The subject matter underlying both of these actions -- a financial transaction -- *is exactly the same in both cases*. Both CompuCredit and FBD are parties to the proposed financial transaction (the "Transaction") which the FDIC is attempting to prevent. The Transaction involves the acquisition of a portfolio of credit card accounts by FBD from

#9943072 v1

Columbus Bank and Trust Company, and in connection with which CompuCredit will provide services concerning those accounts pursuant to an affinity agreement between CompuCredit and FBD.

2. On June 10, 2008, the FDIC commenced administrative cease-and-desist proceedings against both FBD and CompuCredit by issuing and serving a notice of charges on both parties. FBD has filed an answer contesting the notice of charges, and the administrative proceedings are ongoing. On July 3, 2008, the FDIC issued an unsupported temporary cease-and-desist order (the "Order"), which fails to meet the statutory criteria for issuance of such orders. The operative paragraph of the Order provides as follows:

> [T]he FDIC hereby issues this TEMPORARY ORDER TO CEASE AND DESIST (TEMPORARY ORDER) and hereby gives notice pursuant to section 8(c)(1) of the Act, 12 U.S.C. § 1818(c)(1), that the Bank **and its institution-affiliated parties**, successors and assigns, be and hereby are ORDERED to cease and desist from and take affirmative action . . .

Order at 2 (emphasis added).

3. The FDIC has alleged that CompuCredit is an "institution-affiliated party" of FBD in the administrative proceedings.[1] In addition, the FDIC states that the "Temporary Order also precludes the Bank from evading its terms by acting through 'institution-affiliated parties' like CompuCredit." (FDIC's Mot. to Dismiss in C.A. No. 08-430 at 2.) The Order clearly enjoins the completion of the transaction discussed above and, therefore, directly affects the interests of both FBD and CompuCredit.

---

[1] While CompuCredit denies that it is an institution-affiliated party of FBD, it must challenge the FDIC's Order under 12 U.S.C. § 1818(c)(2), which gives entities the FDIC labels as "institution-affiliated parties" standing to enjoin the Order.

4.  Pursuant to 12 U.S.C. § 1818(c)(2), the FBD filed a complaint with this Court seeking preliminary and permanent injunctive relief from the Order on July 11, 2008, and a motion to preliminarily enjoin enforcement of the Order on July 14, 2008. The Order also applies to CompuCredit and prevents it from participating in a proposed beneficial transaction with FBD However, because the Order failed to meet the statutory criteria required by 12 U.S.C. § 1818(c)(1), CompuCredit filed a complaint in this Court seeking injunctive relief from the Order pursuant to 12 U.S.C. § 1818(c)(2), which permits an (alleged) institution affiliated party to seek injunctive relief from this Court. Consequently, both of these actions arise from the same set of facts and will involve the same applicable law.

## ARGUMENT

5.  Consolidation is appropriate when there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a); *see also Allen v. Stewart Title Guar.*, 246 F.R.D. 218, 220-221 (E.D. Pa. 2007). A district court has broad discretion over whether to consolidate matters. *See Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("the trial judge, under Rule 42(a), is given the broad authority to 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay'"); *see also Ford v. Christiana Care Health Sys.*, No. Civ. A. 06-301-MPT, 2008 WL 1985229, at *1 (D. Del. May 5, 2008). The Rule 42(a) standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 MOORE'S FED. PRACTICE § 42.10[1][a] (3d ed. 1998); *see also Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514-GMS, 2007 WL 2892707, at *3 (D. Del. Sept. 30, 2007) (Sleet, J.) (the court has "broad power . . . to consolidate cases for trial as may facilitate the administration of justice.") (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf*

*Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). This is so even when one or more of the parties objects. *Conn. Gen. Life Ins. Co. v. Sun Life Ins. Co.*, 210 F.3d 771, 774 (7th Cir. 2000).

6. Although common issues of law or fact are a prerequisite to consolidation, the "Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). This Court, similar to other courts in the Third Circuit, routinely grants motions to consolidate where there is an overlap of issues between the separate cases, and where consolidation will result in a more economical and efficient adjudication of the disputes. *See, e.g., Abbott Diabetes Care, Inc.*, 2007 WL 2892707; *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759 (D. Del. 1991); *Cella v. Togum Constructor Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999).

7. Here, both of the complaints in the related actions seek injunctive relief from the same order ***concerning the same transaction***. Both cases involve the same defendant, the FDIC, whose precipitous conduct in issuing the Order without satisfying the criteria of 12 U.S.C. § 1818(c)(1) gave rise to both suits. Moreover, the same lead counsel represents the FDIC in both cases. The Plaintiffs in each related case, FBD and CompuCredit, both seek to achieve the same result: to enjoin enforcement of the FDIC's Order. As such, the factual circumstances relevant to the two cases overlap substantially.

8. In addition, the issues of law in both cases are similar, if not identical. Both complaints allege that the FDIC has not established, and cannot establish, the facts necessary to meet the statutory criteria for issuance of the Order. Whether the FDIC has satisfied

the statutory requirements of 12 U.S.C. § 1818(c)(1) will not change depending on which of the two cases is before the Court. And in both preliminary injunction motions, Plaintiffs must prove that they satisfy the Third Circuit's standards for the grant of preliminary injunctions.

9. Given the substantial overlap of factual and legal issues between the two cases, consolidation will result in a significant saving of judicial time and effort. Since both cases arise out of the same proposed transaction and involve the same defendant, it is overwhelmingly likely that common discovery issues will predominate – or, to put it another way, discovery will focus on the same witnesses and the same documents. Any discovery requests, discovery disputes, and the resolution of those disputes will likely be nearly identical.

10. In addition, since both Plaintiffs filed their complaints and preliminary injunction motions at virtually the same time, the two cases are at the same stage of litigation. Consequently, consolidation will help keep both cases moving forward jointly on a consistent, organized, and more efficient basis, without wasting judicial resources through duplicative discovery and motion practice.

11. Moreover, there is no risk of prejudice to any party from consolidation of the actions. The parties will not experience any inconvenience. Indeed, it will be *more* convenient to follow a parallel track and easier to keep abreast of the other action. Likewise, the possibility of delay is unlikely because Plaintiffs filed their actions within 24 hours of each other and the Court has not yet ruled on any motions. Consequently, it is essentially unimaginable that the consolidation of these two related actions would lead to undue expense for the parties. To the contrary, there will be a much greater burden on the parties, the witnesses and the Court if these cases were to proceed separately.

#9943072 v1

12.     Because consolidation will allow the cases to proceed to resolution more efficiently, consolidation will also conserve judicial resources in a district that is already shorthanded. (See Sean O'Sullivan, Phila. to aid Del. federal court, Delaware Online, July 30, 2008, http://www.delawareonline.com/apps/pbcs.dll/article?AID=/200807300345/NEWS01/807300344/1006/NEWS.) Consequently, consolidation of these cases would promote judicial economy and satisfy the requirements of Federal Rule 42(a).

## CONCLUSION

For all of the reasons set out above, FBD respectfully requests that this Court consolidate this case with the action styled *CompuCredit Corporation v. Federal Deposit Insurance Corporation*, C.A. No. 08-430-GMS.

Dated: August 13, 2008

Edmond D. Johnson (Del. Bar No. 2257)
Matthew A. Kaplan (Del. Bar No. 4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Attorneys for Plaintiff First Bank of Delaware*

Of Counsel:

Jeremiah S. Buckley, Esquire
Robert B. Serino, Esquire
Matthew P. Previn, Esquire
Larry J. Stein, Esquire
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 349-8000

#9943072 v1

## RULE 7.1.1 CERTIFICATION

Counsel for First Bank of Delaware hereby certifies that it has discussed the subject of the foregoing motion with counsel for defendant Federal Deposit Insurance Corporation ("FDIC"), and that FDIC will not agree to consolidation of *First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS with *CompuCredit Corp. v. FDIC*, C.A. No. 08-430-GMS.

                                                                                                 _____
                                                                                                 Edmond D. Johnson (De Bar #2257)

Dated: August 13, 2008

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on August 13, 2008 a true and correct copy of the foregoing *Plaintiff First Bank of Delaware's Motion to Consolidate* to be electronically filed with the Clerk of the Court using CM/ECF, which will send notice of the filing to the following:

    Ashley Doherty, Esquire
    Thomas L. Holzman, Esquire
    Federal Deposit Insurance Corporation
    3501 Fairfax Drive, D-7022
    Arlington, VA 22226

                                      _____
                                      Edmond D. Johnson (Del. Bar No. 2257)

#9943072 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIRST BANK OF DELAWARE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-429 GMS |

### ORDER

IT IS HERBY ORDERED this _____ day of _____, 2008, that Plaintiff First Bank of Delaware's motion to consolidate the above-captioned matter with *CompuCredit Corporation v. FDIC*, C.A. No. 08-430 GMS is GRANTED.

_____
The Honorable Gregory M. Sleet

#9965153 v1