# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FIRST BANK OF DELAWARE, | ) |
| Plaintiff, | ) |
| v. | ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) Civil Action No. 08-429 GMS |
| Defendant. | ) |

## PLAINTIFF FIRST BANK OF DELAWARE'S RESPONSE TO DEFENDANT FDIC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Edmond D. Johnson (Del. Bar No. 2257)
Matthew A. Kaplan (Del. Bar No. 4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone No. (302) 777-6500
Facsimile No. (302) 421-8390

Of Counsel:

*Attorneys for Plaintiff First Bank of Delaware*

Jeremiah S. Buckley, Esquire
Robert B. Serino, Esquire
Matthew P. Previn, Esquire
Larry J. Stein, Esquire
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 349-8000

Dated: August 14, 2008

## TABLE OF CONTENTS

Page

BACKGROUND ...................................................................................................................6

ARGUMENT........................................................................................................................7

    I.   THE FDIC'S OPPOSITION BRIEF IS PROCEDURALLY IMPROPER...................7

    II.  THE FDIC SEEKS TO FRUSTRATE THE PRELIMINARY
          INJUNCTION PROCESS ......................................................................................8

CONCLUSION...................................................................................................................14

#9974599 v1

## TABLE OF AUTHORITIES

<u>CASES</u>

*Acierno v. Mitchell*,
   Civ. A. No. 92-384-SLR, 1992 WL. 694590 (D. Del. Dec. 30, 1992) ...................................5

*Burlington Truck Lines v. United States*,
   371 U.S. 156 (1962)..................................................................................................................8

*Califano v. Sanders*,
   430 U.S. 99 (1977)...................................................................................................................8

*Camp v. Pitts*,
   411 U.S. 138 (1973).................................................................................................................8

*Canavan v. Beneficial Finance Corp.*,
   553 F.2d 860 (3d Cir. 1977).....................................................................................................6

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971).............................................................................................................2, 8

*Coastal Gas Corp. v. Department of Energy*,
   84 F.R.D. 278 (D.Del. 1979) ..................................................................................................6

*Commissariat A L'Ernergie Atomique v. Dell Computer Corp.*,
   Civ. A. No. 03-484-KAJ, 2004 WL. 406351 (D. Del. Mar. 3, 2004)...................................6, 7

*Ellsworth Associates, Inc. v. U.S.*,
   917 F. Supp. 841 (D.D.C. 1996) .............................................................................................6

*Fonovisa, Inc. v. Does 1-9*,
   Civ. A. No. 07-1515, 2008 WL. 919701 (W.D. Pa. Apr. 3, 2008)..........................................6

*Fraley v. Chesapeake & Ohio Ry. Co.*,
   397 F.2d 1, 3 (3d Cir. 1968) (emphasis added) ......................................................................6

*Franklin Savings Association v. Director, OTS*,
   934 F.2d 1127 (10th Cir. 1991) ..............................................................................................8

*Wayne County Employees' Retirement System v. Corti*,
   Civ. A. No. 3534-CC, 2008 WL. 2699458 (Del. Ch. July 1, 2008) ........................................6

#9974599 v1

## STATUTES

5 U.S.C. § 706(2) ........................................................................................................8

12 U.S.C. § 1818(b) ...............................................................................................2, 3, 8, 9

Fed. R. Civ. P. 1 ........................................................................................................5

D. Del. R. 7.1.3(c)(2) ..................................................................................................4

Federal Rule of Civil Procedure 26(f) ..........................................................................4

## OTHER AUTHORITIES

112 Cong. Rec. H24984 ...............................................................................................9

S. Rep. No. 89-1482 (1966), *reprinted  in* 1966 U.S.C.C.A.N. 3532, 3535 ...................................9

Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2929 .............................10

#9974599 v1

Seeking to avoid an on-the-merits litigation of this case, Defendant Federal Deposit Insurance Corporation prematurely filed a Brief in opposition to the motion for preliminary injunction (the "Motion") filed by Plaintiff, First Bank of Delaware (the "Bank")[1]. *See* D.I. 13; D.I. 4. Although the Bank has yet to file its opening brief in support of the Motion, the FDIC has brushed aside the Bank's reasonable requests to confer regarding a proposed briefing schedule and needlessly insisted on submitting a response. As indicated in its July 14, 2008 letter to the Clerk (which was submitted along with the Motion), D.I. 5, and employing commonly followed preliminary injunction practice, the Bank seeks an expedited discovery schedule in connection with the Motion as well as an expedited briefing schedule leading to an evidentiary hearing on the Motion. Those schedules have not yet been set, nor has the Bank had an opportunity for discovery relevant to the Motion.

Significantly, the Court presently does not have, and will not have, a proper record before it to review the extraordinary Agency action that is the subject of the Complaint until the FDIC provides, at a bare minimum, the factual record that was compiled and put before the Agency's decision maker at the time the Agency took action. The FDIC has heretofore repeatedly refused to provide the appropriate factual record. The Bank should not be required to file its opening brief on the Motion until it has had an opportunity to review and test that purported factual record. Therefore, briefing on the Motion is unwarranted at this time. If the FDIC continues to refuse to provide the record, or if none exists, then the Order should be set aside for that reason alone. Moreover, failure to provide the record upon which its decision was based effectively would deprive the Bank of its statutory right to challenge the potential arbitrary and capricious

---

[1]    FDIC's Brief in Opposition to Plaintiff's Motion for Preliminary Injunction, filed August 4, 2008 ("Opposition").

nature of the agency's action.  Nothing in 12 U.S.C. § 1818(c) entitles the FDIC to rely upon a secret decision making process with no review of the adequacy of the evidence upon which it relied.

The need for discovery before the Bank can file its brief in support of the Motion is critical in this case because, as will be explained later, the FDIC has repeatedly rebuffed attempts by the Bank to obtain the administrative record on which its Temporary Order to Cease and Desist ("Order") is based, despite the fact that the administrative record is the *sine qua non* of a challenge to an administrative action such as the case at bar.  Rather than providing the administrative record before the FDIC decision maker at the time the decision to issue the Order was made, it has attached to its response two affidavits created *weeks* after the July 3, 2008 decision.  These affidavits constitute the same "post hoc rationalizations" for agency decision making of the type proscribed by the Supreme Court in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("*Overton Park*").

The Bank believes the transaction prohibited by the Order carries little or no risk to the Bank or to its depositors, and fails, therefore, to satisfy the statutory criteria for issuance of the Order.  The Bank should not be required to "stab in the dark" trying to refute a record it has not seen, and to which it is entitled. Nor should the Bank be required to assume that the FDIC decision maker did in fact have an appropriate administrative record before him, a fact increasingly open to question in light of the FDIC's repeated refusals to supply such record.

The Bank responds herein to the FDIC's ***filing*** of an Opposition, but ***will not respond*** at this time to the ***substantive*** points the FDIC addresses in its brief.  This procedural Response is not -- and should not be construed as -- a reply on the Motion; rather the Bank intends to file an opening brief and a reply brief in support of its Motion in due course and in accordance with a

briefing schedule entered by the Court. Put simply, the FDIC should withdraw its August 4, 2008 Opposition and, in any event, the Court should disregard it as improvidently filed.

## BACKGROUND

On June 10, 2008, the FDIC, pursuant to the statutory powers provided to it under 12 U.S.C. § 1818(b), commenced administrative cease-and-desist proceedings against the Bank. D.I. 1, Compl. ¶ 19. The Bank has filed an answer contesting the FDIC's notice of charges, and the administrative proceedings are ongoing. *Id.* On July 3, 2008, the FDIC issued the unsupported and precipitous temporary cease-and-desist order that is the subject of the Complaint. *Id.* at ¶ 1.

On July 11, 2008, the Bank filed this action pursuant to 12 U.S.C. § 1818(c)(2), which authorizes the Bank to apply to the Court "for an injunction setting aside, limiting, or suspending the enforcement, operation, or effectiveness" of the Order. On the next business day, July 14, 2008, the Bank filed its motion for a preliminary injunction, and indicated therein that the Motion would be based on "the supporting Memorandum to be filed following targeted discovery." D.I. 4, at 5. The parties have not yet conducted any discovery, and to date the FDIC has refused to provide the Bank with the contemporaneous administrative record that purportedly served as the basis for the issuance of the Order[2].

By letter dated July 30, 2008, the FDIC informed the Bank of its intention to file a response to the Motion on August 4, 2008. Exhibit 3, Cope Letter. Counsel for the Bank contacted FDIC counsel via telephone the next day and reminded FDIC counsel that the Bank intends to file a brief in support of its Motion and will be asking the Court to set a schedule for

---

[2]    Exhibit 1, Letter from Jeremiah S. Buckley, Esq. to Charles L. Cope, Esq. (July 18, 2008) ('Buckley I"); Exhibit 2, Letter from Jeremiah S. Buckley, Esq. to Charles L. Cope, Esq. (July 29, 2008) ("Buckley II"); Exhibit 3, Letter from Charles L. Cope, Esq. to Jeremiah S. Buckley, Esq. (July 30, 2008) ("Cope Letter"); Exhibit 4, Letter from Jeremiah S. Buckley, Esq. to Charles L. Cope, Esq. (Aug. 5, 2008) ("Buckley III").

briefing on that Motion.  Counsel for the Bank also sought to schedule a conference for the next day during which the parties could confer about briefing and discovery schedules, but FDIC counsel refused to participate.

In a letter to the FDIC dated August 1, 2008, the Bank reiterated that it intends to file an opening brief in support of its Motion, and explained that any response by the FDIC at this time would be premature.  Exhibit 5, Letter from Jeremiah S. Buckley, Esq. to Charles L. Cope, Esq. (Aug. 1, 2008) ("Buckley IV").  The Bank also repeated its request for a conference so that the parties could try to reach agreement on discovery, a briefing schedule, and a hearing date for the Motion.  *Id.*  The FDIC did not respond, but instead filed its Opposition to the Motion on August 4, 2008.  On August 5, 2008, the Bank requested that the FDIC withdraw its Opposition, but the FDIC indicated its refusal to do so.

## ARGUMENT

## I.     THE FDIC'S OPPOSITION BRIEF IS PROCEDURALLY IMPROPER

The record is clear that the Bank intends to file an opening brief in support of its Motion. *See, e.g.*, D.I. 4 at 5 (indicating that the Motion would be based on "the supporting Memorandum to be filed following targeted discovery").  The Bank repeatedly informed the FDIC that there was no reason to file a response to the Bank's Motion until the parties had conferred and a briefing schedule was set by the Court.  *See* Exhibits 1, 2, and 4.  Nevertheless, the FDIC refused to confer with the Bank, contrary to the dictates of Local Rules 7.1.1 and 16.1 and Federal Rule of Civil Procedure 26(f), and then filed its Opposition to an opening brief that has not yet been submitted.

It is a matter of common sense that a party should not file an opposition brief before the opening brief to which it responds has been filed.  For example, D. Del. L.R. 7.1.2(a) provides that "[u]nless otherwise ordered, the responsive papers shall be in the form adopted by the

#9974599 v1

moving party; *i.e.* if the moving party files a motion accompanied by a brief, the responsive paper should be a brief." Similarly, the Local Rules' limitation on reserving new material for reply contemplates the filing of a "full and fair opening brief." D. Del. L.R. 7.1.3(c)(2).

Although the FDIC ostensibly filed its Opposition in an attempt to ensure it had timely responded to the Motion, the issue of timeliness could have been addressed by the parties (and ultimately the Court) if the FDIC had agreed to confer in the first instance. The FDIC apparently hopes the Court will decide a fact-based motion for a preliminary injunction without the benefit of an opening brief or evidence obtained from discovery. The FDIC's procedural tactic, however, flies in the face of the Federal Rules' animating purpose of a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## II.    THE FDIC SEEKS TO FRUSTRATE THE PRELIMINARY INJUNCTION PROCESS

The FDIC apparently hopes to preempt any discovery and curtail the preliminary injunction proceedings by means of a pre-emptive and premature filing of an opposition brief. The Opposition makes the remarkable argument that the Bank's Motion should be denied because the Bank has failed to offer evidence in support of its Motion, although the FDIC is well aware that (i) discovery has not yet commenced; and (ii) the Agency has refused even to satisfy the minimal requirement of providing the Bank with the administrative record purportedly on which its decision to issue the Order was based. D.I. 13 at 2, 8. The Bank intends to offer evidence in support of its Motion, but it has not had the opportunity to obtain or review the relevant evidence, including the purported factual record upon which the FDIC based its statutory findings, so that the Bank may file a "full and fair opening brief." D. Del. L.R. 7.1.3(c)(2).

The FDIC's Opposition displays a notable lack of candor in that it does not even mention the parties' correspondence regarding the setting of discovery and briefing schedules. As it completely ignores this prior communication, the FDIC then accuses the Bank of not following the Local Rules by submitting a motion without a "supporting brief or memorandum." D.I. 13 at 8 n.4. However, briefing on preliminary injunction motions often follows expedited discovery, and the Bank's indication that the Motion would be based on "the supporting Memorandum to be filed following targeted discovery," D.I. 4 at 5, coupled with its efforts to set briefing and discovery schedules, was entirely proper for this type of proceeding. *See, e.g., Acierno v. Mitchell*, Civ. A. No. 92-384-SLR, 1992 WL 694590, at *1 (D. Del. Dec. 30, 1992) (noting that "[b]riefing on the pending [motion for preliminary injunction] was concluded at the close of the expedited discovery and an evidentiary hearing was conducted."); *Wayne County Employees' Ret. Sys. v. Corti*, Civ. A. No. 3534-CC, 2008 WL 2699458, at *7 (Del. Ch. July 1, 2008) (stating that "after expedited discovery, ... plaintiff filed an opening brief in support of its motion for a preliminary injunction.").

The Bank simply seeks an opportunity for expedited discovery to obtain the factual record on which the FDIC based its decision to issue the Order. Such expedited discovery is entirely reasonable in this preliminary injunction proceeding. *See, e.g., Fonovisa, Inc. v. Does 1-9*, Civ. A. No. 07-1515, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008) (stating that good cause for expedited discovery is frequently found when a party seeks a preliminary injunction); *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."). The Bank is entitled to such discovery regardless of the fact the FDIC has filed its opposition brief. *See Commissariat A L'Ernergie Atomique v. Dell Computer Corp.*,

#9974599 v1

Civ. A. No. 03-484-KAJ, 2004 WL 406351, at *1 (D. Del. Mar. 3, 2004) (allowing expedited discovery in advance of reply brief and directing the parties to discuss an appropriate schedule for supplemental briefing on the motion for preliminary injunction) ("*Dell Computer*"). Discovery "should precede consideration of dispositive motions when the facts sought to be discovered are *relevant to consideration of the particular motion at hand*." *Coastal Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282-83 (D.Del. 1979), citing *Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977), and *Fraley v. Chesapeake & Ohio Ry. Co.*, 397 F.2d 1, 3 (3d Cir. 1968) (emphasis added). Production of the FDIC's administrative record is the only way adequately to test FDIC's bare assertion that its Order meets the applicable statutory criteria.

The Bank anticipates that relevant evidence gleaned from discovery will support its Motion, and the presentation of that evidence initially in the form of briefing will "better enable the court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Dell Computer,* 2004 WL 406351. Unfortunately, the FDIC has frustrated the Bank's efforts to obtain the factual information needed to support its challenge of the Order. Soon after this action was commenced, the Bank requested the administrative record from the FDIC. Exhibit 1, Buckley I. When no response was received by the Bank, it again requested that the FDIC provide the Agency's record. Exhibit 2, Buckley II. The FDIC finally responded with a terse letter on July 30, 2008, refusing to provide any documentation to the Bank and stating that the FDIC planned to serve a response to the Bank's motion for preliminary injunction on August 4, 2008, which would be accompanied by information purportedly supporting its issuance of the Order. Exhibit 3, Cope Letter. However, far from providing the actual record upon which the Order was based, the FDIC purported to support its

August 4, 2008 Opposition with declarations by two FDIC employees that were prepared and signed on July 24 and 31, 2008, *three and four weeks respectively after* the July 3, 2008 Order had been issued[3].

The FDIC's decision to issue the Order must be judged on the basis of the factual record that was compiled and put before the Agency's decision maker, Senior Deputy Director Christopher Spoth, at the time he issued the Order on July 3, 2008. *See Overton Park*, 401 U.S. at 420 (judicial review "is to be based on the full administrative record that was before the [agency actor] at the time he made his decision"), *abrogated on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977). The Agency's "post hoc" litigation declarations, which it has submitted in connection with its Opposition to the Motion, provide an "inadequate basis" for the Court to determine whether the Agency complied with the standards set forth in the applicable statute, 12 U.S.C. § 1818(c)(1). *Overton Park*, 401 U.S. at 419. As the Court explained:

> The lower courts based their review on the litigation affidavits that were presented. These affidavits were merely "*post hoc*" rationalizations, which have traditionally been found to be an inadequate basis for review. And they clearly do not constitute the "whole record" compiled by the agency: the basis for review required by § 706 of the Administrative Procedure Act.

*Id.,* citing *Burlington Truck Lines v. United States*, 371 U.S. 156, 168-69 (1962)[4]. *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (stating that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the

---

[3] Remarkably, the FDIC somehow suggests that the Bank failed to support its July 14, 2008 Motion with appropriate evidence even though the FDIC did not create the purported "evidence" on which the Agency attempts to rely in order to justify its July 3, 2008 decision until after the Bank filed its Motion.

[4] "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall — hold unlawful and set aside agency actions, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A)

reviewing court"). And where the FDIC fails to provide a proper administrative record, the Court needs to consider additional material such as "testimony from agency officials to determine if the action was justified" and information regarding whether "the agency considered all relevant factors including evidence contrary to the agency's position." *Franklin Savings Ass'n v. Director, OTS*, 934 F.2d 1127, 1137 (10th Cir. 1991), citing *Overton Park*, 401 U.S. at 420.

The statutory provision authorizing the issuance of emergency orders requires that certain determinations must have been made by the FDIC before it was authorized to issue the Order. The FDIC must have determined that the Bank was engaging, or threatening to engage, in practices that would be so harmful to the Bank that they would be "likely to cause" the insolvency of the Bank, significant dissipation of its assets or earnings or other grave consequences. 12 U.S.C. § 1818(c)(1). These are not trivial determinations. Congress intended that the FDIC be permitted to wield this extraordinary power only in the gravest of circumstances. *See* 112 Cong. Rec. H24984 (daily ed. Oct. 4, 1966) (statement of Rep. Patman) (stating that the statute allows "temporary cease and desist orders in emergency cases where insolvency or other extremely serious problems are found to exist"). The propriety of the FDIC's exercise of that power in this case is dependent upon the ability of this Court to examine the FDIC's conduct on the basis of a factual record that demonstrates that Mr. Spoth actually made the requisite determinations.

But the FDIC is seeking to push this Court to a decision on the Bank's Motion on the basis of the Agency's conclusory justifications contained in litigation declarations composed well after the issuance of the Order, while withholding from the Bank and this Court the factual record on which its actions must be assessed. This cannot be allowed to stand. Due process

-9-

demands that the Bank be provided, at the very least, with the full administrative record so that it may present to this Court its arguments in support of its Motion. The FDIC's issuance of the Order, followed by its refusal to provide the relevant administrative record and its effort to prevent informed briefing on the Motion, are the type of "arbitrary, capricious, and overbearing tactics" that 12 U.S.C. § 1818(c) was designed to avoid. S. Rep. No. 89-1482 (1966), *reprinted in* 1966 U.S.C.C.A.N. 3532, 3535 (recognizing the interests of those directly affected by the statute "in receiving fair treatment from the Government, and in receiving a reasonable degree of protection from the Government actions").

The Bank commenced this injunctive action because it had a well-founded belief that the FDIC did not have a valid factual or legal basis under the statutory standards for issuing the Order. The attempts by the FDIC to force the termination of this action while continuing to hide from view the factual record on which its Order was based raises the question of whether the FDIC's actions can withstand scrutiny.

It goes without saying that preliminary injunction proceedings often involve the submission of written evidence, deposition testimony, written and oral legal argument, and live testimony at an evidentiary hearing. The FDIC's assertion that the Bank is required to marshal the appropriate evidence in support of its Motion serves only to support the Bank's reasonable request for expedited discovery.[5] *See, e.g.*, 11a Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2929. In order to allow these proceedings to take place on an orderly schedule, the Bank has sought on multiple occasions to confer with the FDIC, but the FDIC has frustrated the advancement of this litigation by refusing to engage in such

---

[5]    Opposition, at 2, 8-17 & n.4.

#9974599 v1

conferences.[6]    The Bank hopes that the parties can still reach agreement on discovery, a proposed briefing schedule, and a proposed hearing date for the Motion.  In the event that they cannot, the Bank will respectfully request the Court's assistance.  In the meantime, the Bank's preliminary injunction motion should not be considered to have been briefed or submitted to the Court for decision.  Instead, a round of proper briefing on the Motion should take place after the Bank has at least had an opportunity to review the relevant administrative record and otherwise obtain appropriate discovery.

## CONCLUSION

For the reasons stated above, the FDIC's August 4, 2008 Opposition should be withdrawn and disregarded by the Court.

Dated:  August 14, 2008                    Respectfully submitted,

                                           /s/ Edmond D. Johnson
                                           Edmond D. Johnson (Del. Bar No. 2257)
                                           Matthew A. Kaplan (Del. Bar No. 4956)
                                           PEPPER HAMILTON LLP
                                           Hercules Plaza, Suite 5100
                                           1313 N. Market Street
                                           P.O. Box 1709
                                           Wilmington, DE  19899-1709
                                           (302) 777-6500

Of Counsel:                                *Attorneys for Plaintiff First Bank of Delaware*

Jeremiah S. Buckley, Esquire
Robert B. Serino, Esquire
Matthew P. Previn, Esquire
Larry J. Stein, Esquire
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 349-8000

---

[6]    Exhibit 1, Buckley I; Exhibit 2, Buckley II; Exhibit 3, Cope Letter; Exhibit 4, Buckley III.

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on August 14, 2008 a true and correct

copy of the foregoing *Plaintiff First Bank of Delaware's Response To Defendant FDIC's*

*Opposition To Plaintiff's Motion For Preliminary Injunction* to be electronically filed with the

Clerk of the Court using CM/ECF, which will send notice of the filing to the following:

> Ashley Doherty, Esquire
> Thomas L. Holzman, Esquire
> Federal Deposit Insurance Corporation
> 3501 Fairfax Drive, D-7022
> Arlington, VA 22226

/s/ Edmond D. Johnson
Edmond D. Johnson (Del. Bar No. 2257)

#9974599 v1

# EXHIBIT 1

# BUCKLEY KOLAR LLP

WASHINGTON, D.C. • LOS ANGELES, CA

Jeremiah S. Buckley
202.349.8010
jbuckley@buckleykolar.com

**Buckley Kolar LLP**
**Attorneys at Law**
**1250 24th St NW, Suite 700**
**Washington, DC 20037**
**Ph: 202.349.8000**
**Fax: 202.349.8080**

July 18, 2008

VIA FACSIMILE AND
EXPRESS MAIL

Charles L. Cope, Esq.
Federal Deposit Insurance Corporation
3501 Fairfax Drive, D-7022
Arlington, Virginia 22226

Re: *First Bank of Delaware v. Federal Deposit Insurance Corp. (D. Del.)*
    Civil Action No. 08-429

Dear Mr. Cope:

This letter is to request on behalf of the Plaintiff, First Bank of Delaware, Wilmington, Delaware (the "Bank"), that the Defendant, the Federal Deposit Insurance Corporation, produce to the Bank the administrative record consisting of all documents or materials that Christopher J. Spoth, Senior Deputy Director of the FDIC's Division of Supervision and Consumer Protection, had before him when, under delegated authority, he made the Findings of Fact and Conclusions of Law ("Findings of Fact") and issued the Temporary Order to Cease and Desist ("Order"), dated July 3, 2008. According to the Findings of Fact, the administrative record consists, at least in part, of "information provided by the Bank and/or discovered through a currently ongoing FDIC examination, FDIC examinations conducted April 25, 2007 and April 6, 2006, and *other information* . . . ." (Emphasis added.)

The Bank's request for the administrative record encompasses, at a minimum, everything described in the preceding paragraph in the form in which it was presented to Mr. Spoth as a delegate of the Board. That record should in form and substance constitute an administrative record that would have been sufficient for the Board to make its own decision to issue the Order had it not delegated such authority to Mr. Spoth. This request should not be burdensome for the FDIC or require time for the agency to produce, since such administrative record is required to be before the decision maker at the time the decision to issue the Order is made, and, of course, this record cannot be amended. As the FDIC is aware, the Bank is entitled, at this stage of the proceedings, to a "verified statement of the specific facts giving rise to" the FDIC's finding that the Bank is engaged in unsafe or unsound banking practices, as alleged in the Order. *Parker v. Ryan*, 959 F.2d 579, 583 (5th Cir. 1992).

In light of the pendency of the Bank's motion for preliminary injunction in the United States District Court for the District of Delaware, we would appreciate your prompt response.

Very truly yours,

Jeremiah S. Buckley

cc: Thomas Holzman, Esq.
    Ashley Doherty, Esq.
    A.T. Dill, III, Esq.
    Marguerite Sagatelian, Esq.
    Edmond D. Johnson, Esq.

```
                        **********************
                        ***   TX REPORT   ***
                        **********************


        TRANSMISSION OK

        TX/RX NO                3760
        RECIPIENT ADDRESS       917035622477
        DESTINATION ID
        ST. TIME                07/18 17:03
        TIME USE                00'27
        PAGES SENT                  3
        RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24ᵗʰ Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| **Date:** | July 18, 2008 | **Pages:** | 2 |
|---|---|---|---|
| **To:** | Charles L. Cope, Esq. | **Company:** | Federal Deposit Insurance Corporation |
| **Fax:** | (703) 562-2477 | **Phone:** | (703) 562-2370 |
| **From:** | Buckley Kolar LLP | **Phone:** | (202) 349-8014 |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**

```
***********************
***  TX REPORT  ***
***********************


TRANSMISSION OK

TX/RX NO              3757
RECIPIENT ADDRESS     97035622477
DESTINATION ID
ST. TIME              07/18 16:59
TIME USE              00'27
PAGES SENT             3
RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | July 18, 2008 | **Pages:** | 2 |
| **To:** | Thomas Holzman, Esq. | **Company:** | Federal Deposit Insurance Corporation |
| **Fax:** | (703) 562-2477 | **Phone:** | (703) 562-2369 |
| **From:** | Buckley Kolar LLP | **Phone:** | (202) 349-8014 |

☐ **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO                3756
RECIPIENT ADDRESS       97035622477
DESTINATION ID
ST. TIME                07/18 16:58
TIME USE                00'27
PAGES SENT              3
RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | July 18, 2008 | **Pages:** | 2 |
| **To:** | Ashley Doherty, Esq. | **Company:** | Federal Deposit Insurance Corporation |
| **Fax:** | (703) 562-2477 | **Phone:** | (703) 562-2377 |
| **From:** | Buckley Kolar LLP | **Phone:** | (202) 349-8014 |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO              3761
RECIPIENT ADDRESS     97035622477
DESTINATION ID
ST. TIME              07/18 17:34
TIME USE              00'26
PAGES SENT            3
RESULT                OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | July 18, 2008 | Pages: | 2 |
|---|---|---|---|
| To: | A.T. Dill, III, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | Phone: | (202) 898-3721 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8014 |

☐ Urgent       ☐ For Review       ☐ Please Comment       ☐ Please Reply

```
                        **********************
                        ***   TX REPORT   ***
                        **********************


        TRANSMISSION OK

        TX/RX NO                3759
        RECIPIENT ADDRESS       917817945600p3034
        DESTINATION ID
        ST. TIME                07/18 17:02
        TIME USE                00'58
        PAGES SENT               3
        RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | July 18, 2008 | **Pages:** | 2 |
| **To:** | Marguerite Sagatelian, Esq. | **Company:** | Federal Deposit Insurance Corporation |
| **Fax:** | (781) 794-5600 | **Phone:** | (781) 794-5620 |
| **From:** | Buckley Kolar LLP | **Phone:** | (202) 349-8014 |

☐ **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO                3758
RECIPIENT ADDRESS       913024218390p3034
DESTINATION ID
ST. TIME                07/18 17:00
TIME USE                00'26
PAGES SENT                 3
RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | July 18, 2008 | **Pages:** | 2 |
| **To:** | Edmond D. Johnson, Esq. | **Company:** | Pepper Hamilton LLP |
| **Fax:** | (302) 421-8390 | **Phone:** | (302) 777-6500 |
| **From:** | Buckley Kolar LLP | **Phone:** | (202) 349-8014 |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**

# EXHIBIT 2

# BUCKLEY KOLAR LLP

WASHINGTON, D.C. • LOS ANGELES, CA

Jeremiah S. Buckley
jbuckley@buckleykolar.com
ph:  202.349.8000
fax:  202.349.8080

Buckley Kolar LLP
Attorneys at Law
1250 24th St NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

July 29, 2008

VIA FACSIMILE AND
EXPRESS MAIL

Charles L. Cope, Esq.
Federal Deposit Insurance Corporation
3501 Fairfax Drive, D-7022
Arlington, Virginia 22226

Re:     *First Bank of Delaware v. Federal Deposit Insurance Corp. (D.Del.)*
         Civil Action No. 08-429

Dear Mr. Cope:

This is in reference to my letter to you of July 18, 2008.  In that letter I requested on behalf of the
First Bank of Delaware that the FDIC produce the administrative record on which it relied when
it served on the bank a Temporary Order to Cease and Desist dated July 3, 2008.

By this letter, I renew my request and ask that you call me if there is a need to discuss this
matter.

Thank you for your cooperation.

Very truly yours,

Jeremiah S. Buckley

cc:  Thomas Holzman, Esq.
      Ashley Doherty, Esq.
      A.T. Dill, III, Esq.
      Marguerite Sagatelian, Esq.
      Edmond D. Johnson, Esq.

```
                      ***********************
                      ***   TX REPORT   ***
                      ***********************


        TRANSMISSION OK

        TX/RX NO              3801
        RECIPIENT ADDRESS     97035622477
        DESTINATION ID
        ST. TIME              07/29 15:17
        TIME USE              00'20
        PAGES SENT            2
        RESULT                OK
```

# BUCKLEY KOLAR LLP

**Buckley Kolar LLP**
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|---|---|---|---|
| To: | Charles L. Cope, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | Phone: | (703) 562-2370 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO            3802
RECIPIENT ADDRESS   97035622477
DESTINATION ID
ST. TIME            07/29 15:19
TIME USE            00'20
PAGES SENT          2
RESULT              OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|-------|---------|--------|---|
| To: | Thomas Holzman, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | Phone: | (703) 562-2369 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO             3803
RECIPIENT ADDRESS    97035622477
DESTINATION ID
ST. TIME             07/29 15:20
TIME USE             00'20
PAGES SENT           2
RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|-------|---------|--------|---|
| To: | Ashley Doherty, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | Phone: | (703) 562-2377 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

```
***********************
***  TX REPORT  ***
***********************

TRANSMISSION OK

TX/RX NO              3806
RECIPIENT ADDRESS     912028987394
DESTINATION ID
ST. TIME              07/29 15:23
TIME USE              00'39
PAGES SENT            2
RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|-------|---------|--------|---|
| To: | A.T. Dill, III, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (202) 898-7394 | Phone: | (202) 898-3721 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

```
***********************
***  TX REPORT  ***
***********************


TRANSMISSION OK

TX/RX NO              3807
RECIPIENT ADDRESS     917817945600p3034
DESTINATION ID
ST. TIME              07/29 15:25
TIME USE              00'41
PAGES SENT            2
RESULT                OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|-------|---------|--------|---|
| To: | Marguerite Sagatelian, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (781) 794-5600 | Phone: | (781) 794-5620 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO               3808
RECIPIENT ADDRESS      913024218390p3034
DESTINATION ID
ST. TIME               07/29 15:27
TIME USE               00'19
PAGES SENT             2
RESULT                 OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 7/29/08 | Pages: | 2 |
|-------|---------|--------|---|
| To: | Edmond D. Johnson | Company: | Pepper Hamilton LLP |
| Fax: | (302) 421-8390 | Phone: | (302) 777-6500 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8080 |

# EXHIBIT 3

**FDIC**
Federal Deposit Insurance Corporation
3501 Fairfax Drive, Arlington, VA 22226

Legal Division

Via First Class Mail and Facsimile

July 30, 2008

Jeremiah S. Buckley, Esquire
Buckley Kolar LLP
1250 24th Street NW, Suite 700
Washington, DC 20037

Re: *First Bank of Delaware v. FDIC*, No. 1:08-cv-00429-GMS (D. Del.)

Dear Mr. Buckley:

I am in receipt of your letter of July 18, 2008, requesting that the FDIC produce the "administrative record" related to the July 3, 2008 Temporary Order to Cease and Desist.

As I am sure you are aware, Fed. R. Civ. P. 26(d) sets out the timing for discovery, and Fed. R. Civ. P. 34 deals specifically with requests for the production of documents. *See also* D. Del.LR 26.1 (Form of Certain Discovery Papers) and 5.4(b) (regarding filing of discovery materials). I understand your July 18 letter and the July 29, 2008 follow-up letter to be a request for informal discovery.

On August 4, 2008, the FDIC intends to file a timely response to Plaintiff's Motion for Preliminary Injunction. Our response will be supported by material that should satisfy the Federal Rules and legal precedent. If, after receiving our response, you have a need to discuss this matter, I invite you to call me at 703.562.2370.

We will, of course, want to discuss with you the terms of a protective order to protect sensitive materials from unnecessary public disclosure.

Sincerely,

Charles L. Cope
Senior Counsel

# EXHIBIT 4

# BUCKLEY KOLAR LLP

WASHINGTON, D.C. • LOS ANGELES, CA

Jeremiah S. Buckley
jbuckley@buckleykolar.com
ph:  202.349.8000
fax:  202.349.8080

Buckley Kolar LLP
Attorneys at Law
1250 24th St NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

August 5, 2008

VIA FACSIMILE AND
EXPRESS MAIL

Charles Cope, Esq.
Senior Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive, # D-7022
Arlington, Virginia  22226

Re:    *First Bank of Delaware v. Federal Deposit Insurance Corp. (D.Del.)*
       Civil Action No. 08-429

Dear Mr. Cope:

We have received your filing in the First Bank of Delaware litigation styled "Defendant
FDIC's Brief in Opposition to Plaintiff's Motion for Preliminary Injunction," dated
August 4, 2008.  Simultaneously with the filing of its Motion for Preliminary Injunction,
filed July 14, 2008, the Bank served the FDIC with a copy of its letter to the Court
seeking an expedited schedule and stating that it would, following targeted discovery, file
its supporting brief.  Since that time we have requested, on behalf of the Bank, the
administrative record upon which the FDIC relied when it issued the Temporary Order to
Cease and Desist on July 3, 2008.  That record has yet to be produced and was not a part
of the FDIC's filing yesterday.

As you are aware, the usual practice in preliminary injunction proceedings involving
temporary cease and desist orders is to focus the inquiry on the administrative record that
was before the agency at the time the decision was made to issue the Temporary Order.
This requires that the complete administrative record be provided by the agency, and may
require limited discovery before the filing of briefs.  I indicated in our telephone
conference last Thursday that in our view it is premature for the FDIC to file any
responsive brief in opposition before the Bank has had an opportunity to file its opening
brief.  *See* D. Del. R. 7.1.2(a) ("the responsive papers shall be in the form adopted by the
moving party; *i.e.*, if the moving party files a motion accompanied by a brief, the
responsive paper should be a brief").  We respectfully request that the FDIC withdraw its
brief, pending a Rule 26(f) conference between the parties and a scheduling order issued
by the Court.  The situation as it now stands, following your submission of August 4,
2008, has the potential to burden an already busy Court by requiring it to untangle the
procedural uncertainty introduced by your filing of August 4, 2008.

Please contact me at your earliest convenience so that we may agree upon a scheduling order providing for an orderly discovery and briefing schedule.

Very truly yours,

Jeremiah S. Buckley

cc:  Daniel H. Kurtenbach, Esq.
    Ashley Doherty, Esq.
    Thomas Holzman, Esq.
    A.T. Dill, Esq.
    Marguerite Sagatelian, Esq.
    Edmond D. Johnson, Esq.

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3836
RECIPIENT ADDRESS     912028987394
DESTINATION ID
ST. TIME              08/05 18:01
TIME USE              00'54
PAGES SENT            3
RESULT                OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/5/08 | Pages: | 3 |
|---|---|---|---|
| To: | A.T. Dill, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (202) 898-7394 | Phone: | (202) 898-3721 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                3837
RECIPIENT ADDRESS       917817945600p3034
DESTINATION ID
ST. TIME                08/05 18:03
TIME USE                00'55
PAGES SENT              3
RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/5/08 | Pages: | 3 |
|---|---|---|---|
| To: | Marguerite Sagatelian, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (781) 794-5600 | Phone: | (781) 794-5620 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3838
RECIPIENT ADDRESS     917035622477
DESTINATION ID
ST. TIME              08/05 18:04
TIME USE              00'28
PAGES SENT            3
RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/5/08 | Pages: | 3 |
|---|---|---|---|
| To: | Charles Cope, Esq.<br>Ashley Doherty, Esq.<br>Thomas Holzman, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | | |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
                          *********************
                          ***  TX REPORT  ***
                          *********************


          TRANSMISSION OK

          TX/RX NO            3839
          RECIPIENT ADDRESS   913024218390p3034
          DESTINATION ID
          ST. TIME           08/05 18:05
          TIME USE           00'25
          PAGES SENT            3
          RESULT             OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/5/08 | Pages: | 3 |
|---|---|---|---|
| To: | Edmond D. Johnson, Esq. | Company: | Pepper Hamilton LLP |
| Fax: | (302) 421-8390 | Phone: | (202) 777-6500 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
********************
***  TX REPORT  ***
********************

TRANSMISSION OK

TX/RX NO             3840
RECIPIENT ADDRESS    917035622475
DESTINATION ID
ST. TIME             08/05 18:06
TIME USE             00'53
PAGES SENT           3
RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/5/08 | Pages: | 3 |
|-------|--------|--------|---|
| To: | Daniel H. Kurtenbach, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2475 | Phone: | (703) 562-2475 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

# EXHIBIT 5



Jeremiah S. Buckley
jbuckley@buckleykolar.com
ph:  202.349.8000
fax:  202.349.8080

Buckley Kolar LLP
Attorneys at Law
1250 24th St NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

August 1, 2008

VIA FACSIMILE AND
EXPRESS MAIL

Charles Cope, Esq.
Senior Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive, # D-7022
Arlington, Virginia  22226

Re:    *First Bank of Delaware v. Federal Deposit Insurance Corp. (D.Del.)*
       Civil Action No. 08-429

Dear Mr. Cope:

This will follow up on our telephone conversation yesterday, July 31, 2008. In this conversation, we discussed your letter of July 30, 2008 which (1) denied two requests (dated July 18 and July 29) by the First Bank of Delaware (the "Bank") for a copy of the administrative record on which the FDIC relied when it served on the Bank a Temporary Order to Cease and Desist dated July 3, 2008 ( the "Temporary Order") and (2) informed us that on August 4, 2008, the FDIC intends to file a response to the Bank's July 14, 2008 motion for a preliminary injunction ("Motion").

In the course of our conversation yesterday, I requested that we set a time today when counsel could meet by phone to discuss briefing and discovery matters. You stated that you were unwilling to hold a conference call before you had filed your response to the Bank's Motion.  As I stated during our call, and as was indicated in our letter to the Clerk of the Court accompanying the Bank's Motion, the Bank intends to file a brief in support of its Motion and will be asking the Court to set a schedule for briefing on that Motion by the parties.

Your response directs the Bank to the Federal Rules of Civil Procedure governing formal discovery and suggests that the FDIC intends to withhold the record — the basis for the Order that the Bank challenges here — until formal discovery.  If the FDIC intends to file a brief in support of its response to the Bank's Motion before any discovery could possibly be taken, this would short-circuit the normal briefing process, potentially forcing the Bank to argue its Motion without ever having seen the information upon which the FDIC purportedly relied in issuing the Order that the Bank challenges.  We believe that any opposing brief submitted by the FDIC to the Bank's Motion is premature and contravenes the Local Rules of the Court.  In addition, we do not understand, based on

your position, how the FDIC concludes that its response is timely. If the FDIC's position is that the time to respond commenced with the Bank's service of the Motion on July 14, 2008, then FDIC's response would be untimely.

It is essential to the preparation of the Bank's brief that the administrative record referenced above be supplied to the Bank, and the Bank is entitled to such record, *Parker v. Ryan,* 959 F.2d 579, 583 (5th Cir. 1992). Because an important element of the the Court's decision whether to grant the Bank's Motion will be a finding that the Bank would have a reasonable probability of success on the merits, the Bank in briefing this issue needs to have all the information that the FDIC had available to it on July 3, 2008 in making its Findings of Fact and Conclusions of Law before issuing the Temporary Order.

In addition, a protective order regarding the confidential materials to be produced by the parties in discovery has not yet been agreed to by the parties and entered by the Court. This underscores the necessity of all parties conferring to address discovery and briefing schedules. With respect to the language for a protective order in this case, the language developed with Ms. Marguerite Sagatelian of your office for the current administrative law case involving the Bank and the FDIC would seem to provide a good model for an order in this case, subject to appropriate modification. We look forward to discussing this with you at your earliest convenience.

By this letter, we renew our request for a conference call at your earliest convenience so that, consistent with Fed. R. Civ. P. 26(f) and D. Del. R. 7.1.1, we can reach an agreement on proposed joint motions for a status conference, expedited discovery, a briefing schedule, and a hearing date.

Very truly yours,

Jeremiah S. Buckley

cc: Thomas Holzman, Esq.
    Ashley Doherty, Esq.
    A.T. Dill, Esq.
    Marguerite Sagatelian, Esq.
    Edmond D. Johnson, Esq.

```
                    *********************
                    ***  TX REPORT  ***
                    *********************

        TRANSMISSION OK

        TX/RX NO              3827
        RECIPIENT ADDRESS     912028987394
        DESTINATION ID
        ST. TIME              08/01 18:45
        TIME USE              01'04
        PAGES SENT            3
        RESULT                OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/1/08 | Pages: | 3 |
|-------|--------|--------|---|
| To: | A.T. Dill, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (202) 898-7394 | Phone: | (202) 898-3721 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

Buckley Kolar LL.
Attorneys at Law
1250 24th Stre

K TRANSMITTAL

3

Fede posit

(202) 89 7

Phone: (202) 349-8000

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO              3826
RECIPIENT ADDRESS     917817945600p3034
DESTINATION ID
ST. TIME              08/01 18:44
TIME USE              01'07
PAGES SENT            3
RESULT                OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/1/08 | Pages: | 3 |
|---|---|---|---|
| To: | Marguerite Sagatelian, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (781) 794-5600 | Phone: | (781) 794-5620 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                3822
RECIPIENT ADDRESS       917035622477
DESTINATION ID
ST. TIME                08/01 18:41
TIME USE                00'30
PAGES SENT              3
RESULT                  OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph: 202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/1/08 | Pages: | 3 |
|---|---|---|---|
| To: | Charles Cope, Esq.<br>Ashley Doherty, Esq.<br>Thomas Holzman, Esq. | Company: | Federal Deposit Insurance Corporation |
| Fax: | (703) 562-2477 | | |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |

```
          ********************
          ***  TX REPORT  ***
          ********************


     TRANSMISSION OK

     TX/RX NO              3828
     RECIPIENT ADDRESS     913024218390p3034
     DESTINATION ID
     ST. TIME              08/01 18:47
     TIME USE              00'32
     PAGES SENT            3
     RESULT               OK
```

# BUCKLEY KOLAR LLP

Buckley Kolar LLP
Attorneys at Law
1250 24th Street NW, Suite 700
Washington, DC 20037
Ph:  202.349.8000
Fax: 202.349.8080

## FAX TRANSMITTAL

| Date: | 8/1/08 | Pages: | 3 |
|-------|--------|--------|---|
| To: | Edmond D. Johnson, Esq. | Company: | Pepper Hamilton LLP |
| Fax: | (302) 421-8390 | Phone: | (302) 777-6500 |
| From: | Buckley Kolar LLP | Phone: | (202) 349-8000 |