## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| **FIRST BANK OF DELAWARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:08-cv-429-GMS** |
| | ) | |
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____) | | **August 19, 2008** |

## NOTICE OF FILING
## SUPPLEMENTAL EXHIBIT

Defendant Federal Deposit Insurance Corporation hereby submits as a supplemental exhibit the attached letter, dated August 12, 2008, from counsel for FDIC to counsel for plaintiff First Bank of Delaware.

In the reply brief in support of its motion for a preliminary injunction (D.I. 15), filed by plaintiff on August 14, 2008, plaintiff included as exhibits a series of letters between counsel for plaintiff and counsel for FDIC.  However, plaintiff neglected to include the attached letter, sent two days before the reply brief was filed.  This letter directly addresses many of plaintiff's contentions, and is hereby submitted to the Court in the interest of completeness.

Respectfully submitted this 19th day of August, 2008,

/s/     Daniel H. Kurtenbach
Daniel H. Kurtenbach (DC Bar No. 426590)
Ashley Doherty (DC Bar No. 336073)
Thomas L. Holzman (DC Bar No. 950162)
Martha W. McClellan (VA Bar No. 17255)
Counsel
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 N. Fairfax Drive, VS-D7022
Arlington, VA 22226
Telephone (703) 562-2465
Facsimile (703) 562-2475
dkurtenbach@fdic.gov
adoherty@fdic.gov
thholzman@fdic.gov
mmcclellan@fdic.gov
*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

OF COUNSEL
Charles L. Cope (DC Bar No. 70672)
Senior Counsel

Erik Haas
Karla G. Sanchez
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008, the foregoing NOTICE OF FILING

SUPPLEMENTAL EXHIBIT was sent to the following via First Class Mail, postage prepaid:

>Larry J. Stein
>Jeremiah S. Buckley
>Matthew P. Previn
>Robert B. Serino
>BUCKLEY KOLAR LLP
>1250 24th Street, N.W., Suite 700
>Washington, DC 20037

/s/      Daniel H. Kurtenbach_____
Daniel H. Kurtenbach
Counsel, Federal Deposit Insurance
        Corporation

**FDIC**
**Federal Deposit Insurance Corporation**
3501 Fairfax Drive, Arlington, VA 22226                                    Legal Division

Via First Class Mail and Facsimile

August 12, 2008

Jeremiah S. Buckley, Esquire
Buckley Kolar LLP
1250 24th Street NW, Suite 700
Washington, DC 20037

Re: *First Bank of Delaware v. FDIC*, No. 1:08-cv-00429-GMS (D. Del.)

Dear Mr. Buckley:

This responds to your letter dated August 5, 2008. As a preliminary matter, I think it is important to point out that given the pace of this litigation and other matters being handled by this office, the FDIC may not respond immediately to your letters; please understand that the lack of an immediate response to your correspondence does not mean or imply that the FDIC agrees with its content.

I disagree with your conclusion that the Bank's filing of its motion, followed by the filing of the FDIC's opposition to that motion, will create any burden on the Court or procedural uncertainty, much less anything that the Court has to "untangle."

In our view, the portion of the Local Rule that you cite, D. Del. LR 7.1.2(a), is inapplicable. The operative provision appears earlier in that paragraph:

> Unless otherwise ordered, all requests for relief shall be presented to the Court by motion. A moving party must clearly articulate within the body of the motion the relief requested and the grounds in support thereof, or must accompany the motion with either a supporting brief or a memorandum of points and authorities.

This provision gives the moving party two options: it may combine the argument in support of its motion with the motion itself, in one document, or "accompany" its motion with a separate brief or memorandum. Nothing in this provision suggests that a moving party can file a motion and then file a supporting brief or memorandum at its leisure at some later date. Nor does the provision suggest that the responding party is relieved of its obligation to respond if the moving party chooses not to accompany its motion with a supporting legal analysis.

Further, Local Rule 7.1.2(b) states, in relevant part:

- 2 -

Schedule. Unless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 10 days, as calculated consistent with Fed. R. Civ. P. 6(a) and (e) and CM/ECF Procedures. Once the responsive papers have been deemed served, the moving party may file a reply within 5 days, as calculated consistent with Fed. R. Civ. P. 6(a) and (e) and CM/ECF Procedures.

The Bank's motion was served on the FDIC on July 16, 2008, by mail. *See* Certificate of Service by Larry J. Stein (July 16, 2008). The 10-day response period provided by Fed. R. Civ. P. 6(a) began on July 17; excluded the day of the event and Saturdays and Sundays because the response time was less than 11 days; and expired on July 30, 2008. The additional three-day period under Fed. R. Civ. P. 6(d) did not expire until Monday, August 4, 2008, the day the FDIC filed its brief in opposition.

In several of your letters, you cite, as support for the proposition that the FDIC is obligated to produce the "administrative record," the case of Parker v. Ryan, 959 F.2d 579 (5th Cir. 1992). That case (which is not binding on the district court in this case) requires a federal banking regulatory agency that has issued a temporary cease and desist order to present a *prima facie* case by supplying a "verified statement." Denying a motion for an injunction, the Fifth Circuit found the requirement of a *prima facie* case satisfied by the attestation under penalty of perjury, to the facts set forth in the notice of charges and the temporary order, of an OTS supervisor responsible for the institution's examination. The two declarations filed by the FDIC in this case likewise present a *prima facie* case here.

We look forward to receiving your reply to our opposition to your motion for preliminary injunction, which is due August 14, 2008. On a final administrative note, the FDIC has engaged the firm of Patterson Belknap Webb & Tyler LLP to assist in this matter. Please include the following attorneys on any future correspondence:

    Gregory L. Diskant, Esquire
    Erik Haas, Esquire
    Karla G. Sanchez, Esquire
    Patterson Belknap Webb & Tyler LLP
    1133 Avenue of the Americas
    New York, NY 10036-6710

Sincerely,

Charles L. Cope
Senior Counsel

Cc: Edmund D. Johnson, Esq.

```
************** -COMM. JOURNAL- ************** DATE AUG-12-2008 ***** TIME 07:09 ********

        MODE = MEMORY TRANSMISSION        START=AUG-12 07:08    END=AUG-12 07:09

        FILE NO.=004

   STN    COMM.    ONE-TOUCH/    STATION NAME/TEL NO.              PAGES     DURATION
   NO.              ABBR NO.

   001     OK        ☎           912023498080                    003/003   00:01:07


                                                     -FDIC LEGAL              -

   *************************************** -FDIC LEGAL    - ***** -    703 562 2477- ********
```

FD**I**C
Federal Deposit Insurance Corporation
Arlington. VA 22226                                             Legal Division

## **FAX TRANSMITTAL SHEET**

Date: 8/12/08

Send to: Jeremiah S. Buckley, Esq.

Location: Buckley Kolar LLP

Phone: _____    Fax: 202.349.8080


From: Charles Cope

Location: FDIC Legal

Phone: 703.562.2370 Fax: 703.562.2477


Total No. Pages 3 (including cover sheet)

If you do not receive the correct number of pages, please
call Stephanie (Sender) at telephone number 703.562.2367.


Comments: _____