UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

_____
                                    )
**FIRST BANK OF DELAWARE,**         )
                                    )
**Plaintiff,**                      )
                                    )
v.                                  )   1:08-cv-429-GMS
                                    )
**FEDERAL DEPOSIT INSURANCE**       )
**CORPORATION,**                    )
                                    )
**Defendant.**                      )
_____)   **August 29, 2008**

## DEFENDANT FDIC'S OPPOSITION TO
## PLAINTIFF'S MOTION TO CONSOLIDATE

Daniel H. Kurtenbach (DC Bar No. 426590)
Ashley Doherty (DC Bar No. 336073)
Thomas L. Holzman (DC Bar No. 950162)
Martha W. McClellan (VA Bar No. 17255)
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 N. Fairfax Drive, VS-D7022
Arlington, VA 22226
Telephone (703) 562-2465
Facsimile (703) 562-2475
dkurtenbach@fdic.gov
adoherty@fdic.gov
thholzman@fdic.gov
mmcclellan@fdic.gov
*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

OF COUNSEL
Charles L. Cope (DC Bar No. 70672)
Senior Counsel

Erik Haas
Karla G. Sanchez
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

**TABLE OF CONTENTS**

Nature and Stage of the Proceedings ... 1

Summary of the Argument ... 2

Statement of Facts ... 3

Argument ... 4

1.    The Two Plaintiffs Have Vastly Different Legal Interests. ... 4

2.    The Two Lawsuits Have Taken Divergent Substantive And Procedural Paths From The Beginning. ... 5

3.    Consolidation At This Time, With The Cases In Their Present Procedural Postures, Would Be A Waste Of Judicial Resources And Simply Create Confusion. ... 6

Conclusion ... 8

## TABLE OF AUTHORITIES

**Federal Cases**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2007 WL 2892707 *3 (D. Del. 2007)    7

*Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*,
   173 F.3d 909, 912 (3d Cir. 1999)    8

*Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)    8

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*,
   775 F. Supp. 759, 761 (D. Del. 1991)    8

**Federal Statutes**

12 U.S.C. § 1818(c)    1, 3

12 U.S.C. § 1818(c)(1)    4

12 U.S.C. § 1818(c)(2)    1, 4

**Federal Rules**

Fed. R. Civ. P. 42(a)    7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

_____
                                    )
**FIRST BANK OF DELAWARE,**         )
                                    )
**Plaintiff,**                      )
                                    )
v.                                  )        1:08-cv-429-GMS
                                    )
**FEDERAL DEPOSIT INSURANCE**       )
**CORPORATION,**                    )
                                    )
**Defendant.**                      )
_____)        August 29, 2008

### DEFENDANT FDIC'S OPPOSITION TO
### PLAINTIFF'S MOTION TO CONSOLIDATE

**Nature and Stage of the Proceedings**

On July 3, 2008, in conjunction with an administrative proceeding that it previously initiated, defendant Federal Deposit Insurance Corporation (FDIC) served First Bank of Delaware (Bank) with a Temporary Order to Cease and Desist (Temporary Order), together with Findings of Fact and Conclusions of Law (Findings),[1] pursuant to 12 U.S.C. § 1818(c). The Temporary Order prohibits the Bank from acquiring any portfolios of consumer credit card accounts until the Bank submits appropriate operating and capital plans that address and mitigate the risks of its subprime credit card lending programs. Temporary Order at 2-3.

The Bank and CompuCredit Corporation (CompuCredit) are parties to a pending transaction that was halted by the Temporary Order. (Complaint, D.I. 1 at ¶¶ 2, 13.) On July 11, 2008, the Bank brought this action against the FDIC pursuant to 12 U.S.C. § 1818(c)(2), seeking

---

[1] Temporary Order to Cease and Desist, In the Matter of First Bank of Delaware, No. FDIC-08-151c & b, FDIC-07-256b (July 3, 2008) (attached as Exhibit B to FDIC's Opposition to Plaintiff's Motion for Preliminary Injunction, D.I. 13); Findings of Fact and Conclusions of Law, In the Matter of First Bank of Delaware, No. FDIC-08-151c&b, No. FDIC-07-256b (July 3, 2008) (attached as Exhibit C to FDIC's Opposition to Plaintiff's Motion for Preliminary Injunction, D.I. 13).

1

"a preliminary and permanent injunction limiting or suspending the enforcement, operation or effectiveness of the [Temporary] Order." Complaint, D.I. 1 at ¶ 1. On the same day, CompuCredit brought an action seeking similar relief. *CompuCredit Corporation v. FDIC*, No. 1:08-cv-430-GMS (D. Del.) (*CompuCredit v. FDIC*).

Shortly after filing its complaint, the Bank filed a motion for a preliminary injunction. D.I. 4. That motion is now fully briefed.

On August 13, 2008, the Bank moved to consolidate this lawsuit with the lawsuit filed by CompuCredit, *CompuCredit v. FDIC*. On August 11, 2008, CompuCredit had filed its own motion to consolidate the two lawsuits. *CompuCredit v. FDIC*, D.I. 13. The FDIC now files this opposition to the Bank's Motion to Consolidate.

## Summary of the Argument

In *CompuCredit v. FDIC*, the FDIC has filed a Motion to Dismiss on jurisdictional grounds (*CompuCredit v. FDIC*, D.I. 8). In accordance with that motion, which is fully briefed, the FDIC believes that the CompuCredit action should be dismissed, and that therefore the Bank's Motion to Consolidate in this case is ultimately moot. Pending disposition of that Motion to Dismiss, the FDIC opposes consolidation on the following grounds:

1. The two plaintiffs, CompuCredit and the Bank, have vastly different legal interests.

2. The two lawsuits have taken divergent substantive and procedural paths from the beginning.

3. Consolidation at this time, with the cases in their present procedural postures, would be a waste of judicial resources and simply create confusion.

2

**Statement of Facts**

CompuCredit provides services to the Bank under an "Affinity Agreement" (D.I. 1 at ¶ 42), and markets credit cards throughout the United States on behalf of the Bank (Findings at ¶¶ 9-10). The Bank issues and owns the credit cards, while CompuCredit services the accounts on behalf of the Bank, purchases the credit card receivables from the Bank, and pays the Bank a monthly fee based on the number of account statements processed. Findings at ¶ 9. CompuCredit has similar agreements with other banks. Findings at ¶¶ 10-11. CompuCredit would have provided similar services for the Bank after the proposed purchase of the additional credit card accounts was completed. D.I. 1 at ¶¶ 42, 45, 49-51.

On or about May 15, 2008, CompuCredit demanded that another institution transfer more than 390,000 credit card accounts to the Bank. The Bank intended to increase its credit card account portfolio by acquiring those additional accounts. Findings at ¶¶ 30, 35. According to the Bank, the accounts to be acquired had a total outstanding balance of approximately $227 million. D.I. 1 at 44. The FDIC subsequently determined that:

> Given the inadequacies of the Bank's management and supervision of the Bank's third-party subprime credit lending policies and practices, the Bank should not be permitted to acquire any portfolios of credit card accounts unless the conditions specified in the TEMPORARY ORDER are met.
> \* \* \* \*
> Given the Bank's failure to assess and account for the risks set forth in the Safety and Soundness Guidelines, the Bank should not be permitted to acquire any additional portfolios of credit card accounts unless the conditions specified in the TEMPORARY ORDER are met.
> \* \* \* \*
> The FDIC is further of the opinion that unless the Bank is restrained by the issuance of the TEMPORARY ORDER, such practices and violations, or their continuation, are likely to cause a significant dissipation of the Bank's assets or earnings, or are likely to weaken the condition of the Bank, or otherwise prejudice the interests of the Bank's depositors . . . .

> WHEREFORE, the FDIC finds that, for the protection of the Bank and the interests of its depositors, it shall issue the TEMPORARY ORDER pursuant to section 8(c) of the Act, 12 U.S.C. § 1818(c), against the Bank.

Findings at 8-9.  The Findings do not call for CompuCredit to be included in the Temporary Order.  The Temporary Order itself names only the Bank in the caption and requires only the Bank to take specific actions or refrain from taking specific actions.  Temporary Order at ¶ 1.

On July 11, 2008, the Bank and CompuCredit filed separate lawsuits against the FDIC.  D.I. 1; *CompuCredit v. FDIC*, D.I. 1.

## Argument

**1.     The Two Plaintiffs Have Vastly Different Legal Interests.**

Even though both lawsuits challenge the same Temporary Order, the Complaints in the two separate lawsuits are very different, for one simple reason:  The Temporary Order is directed to the Bank, not to CompuCredit.  CompuCredit is neither directed to take any action nor to refrain from taking any action.

Thus, while it appears that the Bank and CompuCredit are cooperating in their litigation efforts (for example, the motions to consolidate filed in the separate actions are very similar), their legal relationships to the Temporary Order and its obligations are different, and separate.

In the Temporary Order, the FDIC, as the Bank's federal regulator, has told the Bank specifically what it must do under 12 U.S.C. § 1818(c)(1).  What the FDIC has directed the Bank to do is to submit an appropriate operating and capital plan, which assesses the risks to the Bank of its credit card programs, addresses the unsafe or unsound practices of the Bank, and mitigates the risks identified by the Bank.  In this lawsuit, the Bank is challenging the FDIC's order, as it has a right to do under 12 U.S.C. § 1818(c)(2).

4

In contrast, the Temporary Order does *not* specify anything that CompuCredit is required to do or to refrain from doing. CompuCredit is not required to submit a plan, as the Bank is, nor is CompuCredit required or allowed to participate in the preparation of Bank's plan. CompuCredit has no more right to jump into the fray than any of the other credit card companies with which the Bank has similar relationships.

In any event, CompuCredit disputes that the FDIC has authority to tell it to do anything because CompuCredit states that it is not an "institution-affiliated party" subject to FDIC regulation. *CompuCredit v. FDIC*, D.I. 1 at ¶ 10. In fact, CompuCredit does not even believe that it had to file its action: "[CompuCredit] files this action only out of an abundance of caution, to preserve its rights to seek interim relief against the Order, given its vague nature." *CompuCredit v. FDIC*, D.I. 1 at ¶ 10. The FDIC agrees that the Temporary Order does not apply to CompuCredit. *CompuCredit v. FDIC*, Mot. to Dismiss, D.I. 8 at 2. Both parties agree that there is no basis for CompuCredit's lawsuit.

CompuCredit is wasting the resources of the Court and counsel in pursuing its action. The Bank is wasting the resources of the Court and counsel in seeking consolidation with a lawsuit that should never have been filed. Given this contrived untidiness, the best and most efficient use of judicial resources would be to deny both motions for consolidation, and dismiss CompuCredit's lawsuit.

**2.    The Two Lawsuits Have Taken Divergent Substantive And Procedural Paths From The Beginning.**

In the time since the two cases were originally filed -- separately and independently -- they have followed different paths and are now in very different procedural postures.

After the Complaint was filed in *CompuCredit v. FDIC*, the FDIC filed its Motion to Dismiss, together with a Motion to Stay all other proceedings in that case pending resolution of

the Motion to Dismiss. *CompuCredit v. FDIC*, D.I. 8. Those Motions are now fully briefed and ripe for decision. CompuCredit filed a Motion for a Preliminary Injunction (*CompuCredit v. FDIC*, D.I. 5), but the Court has ordered the opposition to that motion be postponed until the Motion to Dismiss has been resolved. In short, this case is now focused on the FDIC's Motion to Dismiss.

In contrast, proceedings in this case have been directed toward resolution of the substantive issues. The Bank filed its Motion for Preliminary Injunction on July 14, 2008 (D.I. 4). The FDIC responded to that motion on August 4, 2008 (D.I. 13), and the Bank filed its Reply on August 14, 2008 (D.I. 15). The Court's decision on the Bank's Motion for Preliminary injunction will determine the future procedural and substantive course of that case.

Considering the different interests of the two plaintiffs, their different Complaints, and the fact that this case is addressing substantive issues while *CompuCredit v. FDIC* is addressing jurisdictional issues, it seems unlikely that the two matters will ever reach a point where it will be efficient and economical to administer them as one case. Following resolution of the FDIC's motion to dismiss CompuCredit, and resolution of the two separate motions for preliminary injunction, a time may come when it would be appropriate for consolidation to be revisited by the Court. For now, consolidation should be denied.

**3.    Consolidation At This Time, With The Cases In Their Present Procedural Postures, Would Be A Waste Of Judicial Resources And Simply Create Confusion.**

The Bank and CompuCredit filed two separate actions. At that time, judicial resources were invested in setting up two cases. As discussed above, those two separate cases have proceeded along smoothly on two separate tracks. As a practical matter, considering the divergent procedural paths the cases have taken, keeping them separate has been, and will continue to be, administratively efficient.

Consolidating the cases now, with significant substantive motions that each relate to only one of the plaintiffs, and other pending procedural motions, would create an administrative muddle for the Clerk's office, the Court, and counsel. Identifying which response related to which motion, identifying which arguments related to which parties, even simply putting titles on motions, would be an exercise in utter confusion. Clearly, interests of efficiency and economy cannot be served by this administrative change of course.

Interestingly, now that the cases are proceeding toward separate significant rulings, the Bank and CompuCredit want to muddy the water by pushing both cases together. Plaintiffs' motions to consolidate are surprising enough considering that CompuCredit believes it should not even be in court. But what is even more surprising is that although both CompuCredit and the Bank contend that the Court *can* consolidate the two cases, neither plaintiff has a word to say about why the Court *should* consolidate the cases. That is, beyond rote and unsupported speculation about "a significant saving of judicial time and effort" (Mot. to Consolidate, D.I. 14 at ¶ 9), CompuCredit and the Bank say nothing at all about why consolidation is a good idea; why their original election to file two separate cases was a bad idea; what has changed since the cases were filed; how consolidation will help bring clarity to the substantive legal and factual issues; why consolidation would enhance the fairness of the proceedings; or why consolidation matters. Without such an explanation, these motions to consolidate are themselves a waste of judicial resources.

Consolidation is discretionary with the Court. Fed. R. Civ. P. 42(a) ("the court *may*") (emphasis added); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2007 WL 2892707 *3 (D. Del. 2007) ("Decisions to consolidate are discretionary, but often courts balance considerations of efficiency, expenses, and fairness"). As this Court has stated:

7

>The mere existence of common issues, a prerequisite to consolidation, does not *require* consolidation. The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions. The proper administration of justice requires that issues be resolved without unnecessary cost or delay.

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (emphasis added) (internal citations omitted).

As these cases currently stand, the goal of "simultaneous disposition of the separate actions" on the same legal or factual grounds is nowhere on the horizon. As a result, consolidation would do nothing more than add confusion and inconvenience, without advancing the cases toward a savings of time or effort. The Supreme Court has stated:

>[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.

*Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496-97 (1933); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999). In other words, consolidation is a means to *improve the process* of resolving matters before the Court. The Bank fails to demonstrate how the process of resolving these two cases will be improved by consolidating them.

## Conclusion

For the foregoing reasons, plaintiff's motion to consolidate should be denied.

8

Respectfully submitted this 29th day of August, 2008,

/s/     Daniel H. Kurtenbach
Daniel H. Kurtenbach (DC Bar No. 426590
Ashley Doherty (DC Bar No. 336073
Thomas L. Holzman (DC Bar No. 950162
Martha W. McClellan (VA Bar No. 17255)
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 N. Fairfax Drive, VS-D7022
Arlington, VA 22226
Telephone (703) 562-2465
Facsimile (703) 562-2475
dkurtenbach@fdic.gov
adoherty@fdic.gov
thholzman@fdic.gov
mmcclellan@fdic.gov
*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

OF COUNSEL
Charles L. Cope (DC Bar No. 70672)
Senior Counsel

Erik Haas
Karla G. Sanchez
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE was sent to the following via First Class Mail, postage prepaid:

> Larry J. Stein
> Jeremiah S. Buckley
> Matthew P. Previn
> Robert B. Serino
> BUCKLEY KOLAR LLP
> 1250 24th Street, N.W., Suite 700
> Washington, DC 20037

>                                         /s/      Daniel H. Kurtenbach_____
>                                         Daniel H. Kurtenbach
>                                         Counsel, Federal Deposit Insurance
>                                                Corporation